# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| DONALD RICHARD MOSLEY, | * |
| Petitioner, | * CIVIL ACTION NO. 16-00427-JB-B |
| CYNTHIA STEWART, | * |
| Respondent. | * |

## **REPORT AND RECOMMENDATION**

Donald Richard Mosley, a state inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1). In his petition, Mosley appears to challenge both his September 2012 conviction for attempted theft of property first degree, and the revocation of his probation in September 2012. (Doc. 16-1 at 11, Doc. 16-4 at 2). Mosley's petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R), and Rule 8 of the Rules Governing Section 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Secretary for the Dep't of Corrs., 377 F.3d 1317 (11th Cir. 2004). Following a complete review of this action, the undersigned recommends that the petition be dismissed as untimely.

## I. FINDINGS OF FACT

On September 22, 2009, Mosley was placed on probation after being convicted of second-degree theft of property. (Doc. 16-4 at 1). In September 2012, Mosley was convicted of attempted theft of property, first degree, and was sentenced to 76 months imprisonment. (Doc. 16-19 at 1). Subsequent to his conviction, Mosley's probation (in his 2009 theft case) was revoked on September 26, 2012. (Doc. 16-4). Mosley appealed the revocation of his probation, but did not appeal his 2012 theft of property, first degree conviction and sentence. (Doc. 16-4 at 1; Doc. 16-19 at 1). On February 8, 2013, the Alabama Court of Criminal Appeals affirmed the trial court's revocation of Mosley's probation. (Doc. 16-4 at 2.). Mosley filed a writ of certiorari, which was denied by the Alabama Supreme Court on April 12, 2013. (Doc. 16-7). A certificate of judgment was issued on the same date. (Id.).[1]

---

[1] Subsequent thereto, Mosley filed a motion to amend his sentence based on time served on November 4, 2014. (Doc. 16-8 at 11-16). This motion was denied on December 18, 2014, and Mosley filed an appeal of that denial on December 31, 2014. (Id. at 17-18). The appellate court denied the appeal, as the order in question was a non-appealable order on January 6, 2015, and issued a deficiency notice on the same date. (Id. at 23-25). Mosley filed a "Motion for Correction of Error" on January 22, 2015, along with exhibits that he believed justified a correction in his jail credit. (Id. at 26-43). This Motion was dismissed as being on a non-appealable order on January 27, 2015, but that judgment was set aside on the same day, and Mosley and the state submitted briefing on the

On January 5, 2015, Mosley filed a Rule 32 petition wherein he attacked his September 2012 conviction for attempted theft of property, first degree. (Doc. 16-13 at 8-23). The trial court conducted an evidentiary hearing and denied the petition on July 24, 2015. (Id. at 2). Mosley appealed this denial and on February 5, 2016, the Alabama Court of Criminal Appeals affirmed the trial court's judgment. (Doc. 16-19). Mosley filed a petition for writ of certiorari to the Alabama Supreme Court, but it was stricken as non-compliant. Judgment was issued on March 24, 2016. (Docs. 16-20, 16-21).

Mosley filed the instant § 2254 petition on July 5, 2016.[2] (Doc. 1). He attacks his September 2012 conviction and the September 2012 revocation of his probation based upon the following grounds: (1) there is newly discovered evidence that the officer that testified at his revocation hearing has since been arrested; (2) counsel was ineffective for allowing the use of a witness statement without an objection; (3) illegal sentence; (4) actual

---

subject. (Docs. 16-8 at 44-47; 16-9; 16-10). The Alabama Court of Criminal Appeals denied the motion on July 2, 2015, and a judgment was entered the same date. (Docs. 16-11, 16-12).

[2] Although the instant petition was received by the Clerk's Office on August 10, 2016, pursuant to the mailbox rule, a prisoner's petition is deemed filed on the date it is delivered to prison officials for mailing, absent contrary evidence. Houston v. Lack, 487 U.S. 266, 271-71, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Adams v. United States, 173 F. 3d 1339, 1340-41 (11th Cir. 1999).

3

innocence; and (5) conflict of interest. (Id. at 7-9). In Respondent's brief in opposition to Mosley's petition, Respondent asserts that Mosley's conviction became final forty-two days after his September 2012 conviction; thus, his § 2254 petition, filed on July 5, 2016, is beyond the one-year period of limitation in 28 U.S.C. 6 2244(d) and should therefore be dismissed as untimely. (Doc. 16 at 8-9). Further, the Respondent argues that Mosley's Rule 32 petition, filed on January 5, 2015, did not toll the limitation period because it was filed outside the limitations period. Respondent further asserts that Mosley's assertion of newly discovered evidence is meritless and, thus, does not entitle him to equitable tolling. (Id.).

For the reasons set forth herein, the undersigned recommends that Mosley's petition be dismissed because it is barred by the one-year statute of limitations.

**II. ANALYSIS**

Pursuant to 28 U.S.C. § 2244 (d)(1), as amended by the April 24, 1996 enactment of The Anti-Terrorism and Effective Death Penalty Act of 1996, § 101(Supp. II 1997) ("AEDPA"), a state prisoner seeking a federal habeas corpus remedy must file his federal petition within one year of the "conclusion of direct review or the expiration of the time for seeking such review."

The Act provides that:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

As noted above, the AEDPA imposes a one-year limitations period on § 2254 actions and includes one of several commencement dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see also Pugh v. Smith, 465 F.3d 1295, 1298 (11th Cir. 2006). Turning, first, to Mosley's probation revocation, the record reflects that Mosley's

5

probation was revoked on September 26, 2012, and that he appealed the revocation. Section 2244(d)(2) of the AEDPA provides for the tolling of the limitations period pending state court review of a properly filed application for post-conviction relief. See In re Hill, 437 F.3d 1080, 1083 (11th Cir. 2006). Thus, the limitations period was initially tolled during the pendency of Mosley's appeal of his probation revocation. On April 12, 2013, Mosley's writ of certiorari was denied by the Alabama Supreme Court. (Doc. 16-7). Because Mosley does not allege, and the record does not reflect, that he filed a certiorari petition in the Supreme Court of the United States, his probation revocation became final on July 11, 2013, or 90 days after the Alabama Supreme Court issued its order denying certiorari. This marked the expiration of the time in which Mosley might have filed a timely petition for review in the Supreme Court of the United States. See Nix v. Secretary for Dep't. of Corrs., 393 F.3d 1235, 1236-37 (11th Cir. 2004). Thus, July 11, 2013 was the triggering date for the limitations period under the AEDPA, and absent a tolling event, it expired on July 11, 2014. While the record reflects that on November 4, 2014, Mosley filed a motion to amend his sentence based on "time served," it had no tolling effect because the limitations period for his probation revocation had expired months earlier, on July 11, 2014. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004)("While

a properly filed application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.")(citation omitted). Accordingly, Mosley's instant federal habeas petition, filed nearly two years later, on July 5, 2016, was untimely unless Mosley can demonstrate equitable tolling.

Likewise, Mosley's Rule 32 petition attacking his 2012 theft conviction and sentence did not toll the limitations period for that claim because the limitations period (for the 2012 theft conviction) had already expired by the time Mosley filed his Rule 32 petition on January 5, 2015. (Doc. 16-19). The law is clear that "even properly filed state-court petitions must be pending [during the one-year period of limitation] in order to toll the limitations period. A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (internal quotation marks omitted); see also Tinker v. Moore, 255 F.3d 1331, 1335. n.4 (11th Cir. 2001)("[A] properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."). Because the AEDPA limitations period had already expired on Mosley's September 2012 theft conviction claim by the time he filed his Rule 32 petition in January 2015, it had

7

no tolling effect. Accordingly, Mosley's federal habeas petition, filed on July 5, 2016, which is nearly three years after his September 2012 conviction, was untimely.

Before recommending dismissal of Mosley's habeas petition as untimely, the undersigned must determine whether Mosley has pleaded extraordinary circumstances that require a contrary conclusion. Thus, unless Mosley can demonstrate that the tolling provisions of the AEDPA were triggered, his habeas petition is untimely.

The Eleventh Circuit has stated that § 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). Equitable tolling is an extraordinary remedy, which is typically applied sparingly. See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990); accord Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). See also Holland v. Florida, 560 U.S. 631, 645, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130, 143 (2010) ("§ 2244(d) is subject to equitable tolling in appropriate cases[,] . . . We have previously made clear that a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing

his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (internal quotation marks omitted); Diaz v. Secretary for the Dep't of Corrs., 362 F.3d 698, 702 (11th Cir. 2004) ("equitable tolling is available only if a petitioner establishes *both* extraordinary circumstances and due diligence.") (emphasis in original); Miller v. New Jersey State Dep't of Corrs., 145 F.3d 616, 618 (3rd Cir. 1998)("equitable tolling is proper only when the principles of equity would make [the] rigid application [of a limitation period] unfair . . . . Generally, this will occur when the petitioner has in some extraordinary way. . . been prevented from asserting his or her rights . . . . The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. . . . Mere excusable neglect is not sufficient") (internal quotation marks omitted). Moreover, in the Eleventh Circuit, as a general rule, "the 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction." Helton v. Secretary for Dep't of Corrs., 259 F.3d 1310, 1314 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080, 122 S. Ct. 1965 (2002).

In this case, Mosley has failed to establish a basis for equitable tolling of the statutory limitations periods. While

9

Mosley contends that he has received newly discovered evidence regarding the arrest of the officer that testified at his trial, that argument fails on its merits. Mosley states that the former Orange Beach police officer who was directly involved in his 2009 arrest and 2012 conviction for attempted theft of property, first degree, was convicted in Baldwin County in May 2016 for various, unrelated sexual assault offenses. (Doc. 1-1 at 2). While Mosley claims that the former officer was the primary witness at his trial and that the former officer's conviction impacts his "character for truthfulness," he makes no claim that the former officer's criminal case was in any way related to his case, nor is there any claim that the former officer had since recanted his testimony given at Mosley's trial. (Id.). Further, it is undisputed that Mosley was present when the former officer testified at his trial, and he was thus aware of the alleged false testimony at the time it was given. Therefore, Mosley cannot establish that he was somehow prevented from timely attacking the testimony as false, and as a result, he has not met the high burden required to establish equitable tolling.

Where Respondent has asserted the defense of statute of limitations, and the Petitioner has failed to meet his burden of establishing extraordinary circumstances which would justify the equitable tolling of AEDPA's limitations period, the undersigned

must recommend that this case be dismissed as time-barred. Accordingly, the undersigned finds that because Mosley has neither demonstrated actual innocence, nor established that equitable tolling is warranted in this case, his federal habeas petition should be dismissed as time-barred, and judgment should be entered in favor of Respondent.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases (December 1, 2009). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000); see also Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029,

1039, 154 L. Ed. 2d 931 (2003)("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'").

In the instant action, Mosley's claims are clearly time barred, and he has failed to present extraordinary circumstances beyond his control that prevented him from filing this action in a timely manner. Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). He has also failed to make a sufficient showing of "actual innocence" of the charge for which he was convicted. Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). Thus, under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Mosley should be allowed to proceed further. Slack, 529 U.S. at 484, 120 S. Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the court conclude that no reasonable jurist could find it debatable whether Mosley's petition should be dismissed; thus, he is not

entitled to a certificate of appealability.

**IV. CONCLUSION**

For the reasons set forth above, the undersigned recommends that the Court dismiss Mosley's petition with prejudice as time-barred, that the Court find that Mosley is not entitled to a Certificate of Appealability, and that the Court find that Mosley is not entitled to proceed in forma pauperis on appeal.

**Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. ALA GenLR 72(c). The parties should note that, under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error

if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **10th** day of **October, 2018.**

                                        **/s/ SONJA F. BIVINS**
                                  **UNITED STATES MAGISTRATE JUDGE**